IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | * |
| | * |
| *Plaintiff*, | * |
| v. | Civil Action No. RDB-24-3713 |
| | * |
| CARL PATRICK JONES, ALLAN MICHAEL JONES, and F.W. NEWTON SERVICES, LLC | * |
| | * |
| *Defendants*. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

This interpleader action arises from a dispute as to life insurance proceeds owing after the death of policyholder Carla Cleopatra Jones ("Decedent" or "Ms. Jones") on June 10, 2023. (ECF No. 1 ¶¶ 2, 7, 9.) Ms. Jones was employed by the State of Maryland and participated in a non-ERISA group insurance policy administered by Interpleader Plaintiff Metropolitan Life Insurance Company ("Interpleader Plaintiff" or "MetLife"). (*Id.* ¶ 7.) On December 23, 2024, MetLife initiated this action by filing a Complaint in Interpleader in this Court against Interpleader Defendants Carl Patrick Jones ("Carl Jones"), Allan Michael Jones ("Allan Jones"), and F.W. Newton Services, LLC ("F.W. Newton") (collectively, "Interpleader Defendants") related to the benefits of $353,000 plus interest payable to the proper beneficiary under Ms. Jones' life insurance policy. (ECF No. 1.) Carl Jones is Ms. Jones's father, Allan Jones is her son, and F.W. Newton is a funeral services company that accepted a contract for assignment of insurance proceeds related to Ms. Jones's funeral service. (*Id.* ¶¶ 2–5.) MetLife filed a Motion to Deposit Funds (ECF No. 3) on December 23, 2025, and, consistent with

1

this Court's Order (ECF No. 5), deposited check number 004487716, in the amount of $355,804.79 into the Registry of the Court on January 16, 2025.

Presently pending before the Court is MetLife's Motion for Discharge from Further Liability, Permanent Injunction, and Dismissal with Prejudice ("MetLife's Motion" or "Motion for Discharge") (ECF No. 30). Carl Jones and F.W. Newton consent to MetLife's Motion and the relief it requests, but they do not share in MetLife's legal arguments. (ECF No. 30 at 2.) Allan Jones has not filed responsive pleadings in this action, and on April 15, 2025, a Clerk's Entry of Default was entered against him. (ECF Nos. 32, 33.) The parties' submissions have been reviewed and no hearing is necessary. Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, MetLife's Motion (ECF No. 30) is GRANTED,[1] and Interpleader Plaintiff MetLife is DISMISSED WITH PREJUDICE. Additionally, the remaining parties shall be REALIGNED, with Carl Patrick Jones and F.W. Newton Services, LLC, as Plaintiffs and Allan Michael Jones as Defendant.

## BACKGROUND

This action arises from the death of Ms. Jones on June 10, 2023. (ECF No. 1 ¶ 9.) Ms. Jones was a former employee of the State of Maryland and participated in its Group Term Life Insurance Policy, Policy Number 215917-1-G, (the "Plan"), administered by MetLife. (*Id.* ¶ 8.) MetLife alleges that the Plan is a non-ERISA group insurance policy and, as administrator, it is responsible for addressing claims for life insurance benefits ("Plan Benefits") in accordance with state law and Plan documents and instruments. (*Id.* ¶¶ 7–8.)

---

[1] As explained further below, MetLife has waived its claim to attorneys' fees in this action. *See* (ECF No. 30-1 at 8.)

The Group Term Life Insurance Certificate ("Plan Document") provides that the policyholder may designate a Beneficiary upon enrollment. (*Id.* ¶ 11.) Under the Plan Document, the Beneficiary is "the person(s) to whom We will pay insurance as determined in accordance with the GENERAL PROVISIONS section." (*Id.*; ECF No. 1, Ex. B.) Where a policyholder does not designate a Beneficiary, the Plan Document provides that death benefits are payable in order of the decedent's (1) spouse, if alive; (2) child, if there is no surviving spouse; or (3) parents, if there is no surviving child. (ECF No. 1 ¶ 12.) Ms. Jones did not designate a Beneficiary and was unmarried at the time of her death. (*Id.* ¶¶ 13, 14.)

Ms. Jones was killed by her son, Allan Jones, on June 10, 2023, and her death was ruled a homicide. (ECF No. 1 ¶¶ 9, 20, ; ECF No. 1 Ex. A.) She was survived by Allan Jones; her father, Carl Jones; and her sister, Wanda Jones. (ECF No. 1 ¶¶ 14–16.) On or about June 16, 2023, Wanda Jones, allegedly acting on behalf of Carl Jones, requested that MetLife process a claim for Ms. Jones and stated that the beneficiary of that claim would be Carl Jones. (*Id.* ¶ 16; ECF No. 1, Ex. C.) On June 23, 2023, Wanda Jones, again allegedly acting on behalf of Carl Jones, submitted updated claim forms indicating that Ms. Jones was unmarred and had a son, Allan Jones, at the time of her death. (ECF No. 1 ¶ 17.) On June 23, 2023, Wanda Jones submitted a copy of an invoice for Ms. Jones's funeral, and on February 17, 2024, Carl Jones assigned the sum of $17,554 to be rendered to F.W. Newton out of the proceeds of the Plan Benefits. (*Id.* ¶ 19; ECF No. 1, Ex. F.)

On September 10, 2024, Allan Jones pled guilty and was convicted of the first-degree murder of Ms. Jones. (ECF No. 1 ¶ 20.) The Office of the State's Attorney for Baltimore City ("State's Attorney") informed MetLife that Allan Jones was found not criminally

responsible and was committed indefinitely to the Maryland Department of Health.[2] (*Id.* ¶ 21; ECF No. 1, Ex. G.) Under the Plan Document, Allan Jones, would ordinarily be the Beneficiary of the Plan Benefits because Ms. Jones had no surviving spouse and he is her only surviving child. (ECF No. 1 ¶ 22.) Under Maryland's Slayer Statute, MD. CODE ANN., EST. & TRUST L., § 11-112(d), however, an individual who intentionally and feloniously kills another person may not benefit from a life insurance policy on the victim's life. (ECF No. 1 ¶ 23.) MetLife alleges that the application of the Slayer Statute is unclear in this case because Allan Jones was convicted of the first-degree murder of Ms. Jones but was deemed not criminally responsible. (*Id.* ¶¶ 24–26.)

Accordingly, on December 23, 2024, MetLife filed a Complaint in Interpleader in this Court against Interpleader Defendants Carl Jones, Allan Jones, and F.W. Newton, seeking relief related to benefits of approximately $353,000 plus interest payable to the Beneficiary of Ms. Jones's life insurance Plan. (ECF No. 1.) On December 23, 2024, MetLife filed a Motion to Deposit Funds (ECF No. 3) and, consistent with this Court's Order (ECF No. 5), deposited check number 004487716, in the amount of $355,804.79 into the Registry of the Court on January 16, 2025. F.W. Newton filed its Answer (ECF No. 11) on February 6, 2025, and Carl Jones filed his Answer (ECF No. 17) on March 11, 2025. On April 3, 2025, MetLife filed its Motion for Discharge (ECF No. 30). As noted above, F.W. Newton and Carl Patrick Jones consented to MetLife's Motion, although they do not share in its legal arguments. (*Id.* at 1.) On April 8, 2025, Carl Jones filed a Motion for Clerk's Entry of Default (ECF No. 31) against

---

[2] In Maryland, "guilty but not criminally responsible" is a version of the insanity defense. *See Fid. & Guar. Life Ins. Co. v. Camara*, Civ. No. PX-20-0706, 2021 WL 4169490, at *1 n.1 (D. Md. Sept. 14, 2021) (citing *State v. Garnett*, 863 A.2d 1007, 1009 n.3 (Md. 2004)); *see also* MD. CODE ANN., CRIM. PROC. § 3-110(a)(1).

4

Allan Jones, and the Clerk filed an Entry of Default (ECF No. 32) against Allan Jones on April 15, 2025. *See also* (ECF No. 33). This matter is now ripe for review.

## STANDARD OF REVIEW

"'Interpleader is a procedural device that allows a disinterested stakeholder to bring a single action joining two or more adverse claimants to a single fund.'" *Legacy Inv. & Mgmt., LLC v. Susquehanna Bank*, Civ. No. WDQ-12-2877, 2013 WL 5423919, at *4 (D. Md. Sept. 26, 2013) (quoting *Sec. Inc. Co. of Hartford v. Arcade Textiles, Inc.*, 40 F. App'x 767, 769 (4th Cir. 2002)). It is intended "to protect the stakeholder from multiple, inconsistent judgments and to relieve it of the obligation of determining which claimant is entitled to the fund." *Sec. Ins. Co.*, 40 F. App'x at 769. Under the Federal Interpleader Act, 28 U.S.C. § 1335, a "district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment." 28 U.S.C. § 2361. Rule 22 of the Federal Rules of Civil Procedure supplements Section 1335 by providing that "[p]ersons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability." FED. R. CIV. P. 22(a)(1).

As Judge Xinis of this Court has explained, "[a]n interpleader action normally proceeds in two stages. First, the Court determines whether the interpleader action is proper and, if so, next must determine who among the interpleader parties receives the interpleaded funds." *Fid. & Guar. Life Ins. Co. v. Camara*, Civ. No. PX-20-0706, 2021 WL 4169490, at *1 (D. Md. Sept. 14, 2021) (citing *Mfrs. & Traders Tr. Co. v. Del Conca USA, Inc.*, Civ. No. GJH-16-3346, 2017 WL 3175567, at *2–*3 (D. Md. July 25, 2017)). A motion for discharge implicates only

the first stage, in which the propriety of interpleader depends on whether "the plaintiff-stakeholder 'legitimately fears multiple litigation over a single fund.'" *Id.* at *2 (quoting *Mfrs. & Traders Tr. Co.*, 2021 WL 4169490, at *2). As Judge Chasanow of this Court has held, this inquiry requires "[t]he Court [to] consider[] whether: (1) it has jurisdiction over the suit; (2) a single fund is at issue; (3) there are adverse claimants to the fund; (4) the stakeholder is actually threatened with multiple liability; and (5) equitable concerns prevent the use of interpleader." *Wells Fargo Bank N.A. v. Eastham*, Civ. No. DKC-16-0386, 2016 WL 2625281, at *2 (D. Md. May 9, 2016) (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)). If interpleader is proper and the Court grants the plaintiff's motion for discharge, it "retains discretion to award the plaintiff-stakeholder its attorneys' fees from the interpleaded fund so 'to encourage interpleader actions and thus avoid the cost of multiple lawsuits.'" *Fid. & Guar. Life Ins. Co.*, 2021 WL 41694901, at *2 (quoting *Bank of Am. N.A. v. Jericho Baptist Church Ministries*, Civ. No. PX-15-2953, 2017 WL 319521, at *1 (D. Md. Jan. 23, 2017)).

## ANALYSIS

In its Motion, MetLife contends that interpleader is proper because it is an innocent stakeholder and Maryland's Slayer Statute creates a legitimate dispute as to the proper beneficiary of Ms. Jones's Plan Benefits. (ECF No. 30-1 at 5–7.) Thus, MetLife argues that it should be discharged from this action, and it is entitled to reasonable costs and attorneys' fees. (*Id.* at 8.) MetLife acknowledges, however, that it has agreed to waive the $8,500 in attorneys' fees it has accrued in this litigation. (*Id.*) As an initial matter, the Court accepts MetLife's representation that it has waived its claim to reasonable costs and attorneys' fees

6

and, based on this waiver, no such fees shall issue in this action.[3]  Under the five-step analysis of proper interpleader, MetLife has properly filed its Complaint in Interpleader (ECF No. 1), and MetLife's Motion for Discharge (ECF No. 30) is GRANTED.

As to the first two considerations of the propriety of interpleader, this Court has jurisdiction over this action in which a single fund is at issue.  "Rule 22 interpleader actions must fall within one of the statutory grants of federal jurisdiction, such as diversity jurisdiction." *See Canal Ins. Co. v. Partee*, Civ. No. WDQ-06-3330, 2007 WL 9780545, at *2 (D. Md. Oct. 18, 2007) (citing 28 U.S.C. § 1332).  "[T]hus, in contrast to section 1335, which focuses on the diversity of the claimant-defendants, Rule 22 (per section 1332) requires diversity between the plaintiff-stakeholder and the claimants." *See Com. Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993) (citing Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* §§ 1702, 1704, at 493–500 (2d ed. 1986)).  In this case, jurisdiction sounds in diversity because MetLife is a citizen of New York, Interpleader Defendants are citizens of North Carolina and Maryland, and the amount in controversy is more than $75,000.  *See* (ECF No. 1.)  Similarly, all parties agree that the only funds in dispute are the Plan Benefits plus interest associated with Ms. Jones's life insurance Plan.

Under the third and fourth considerations, Allan and Carl Jones are adverse claimants to the Plan Benefits and MetLife faces a legitimate threat of multiple liability.  Under Section

---

[3] Although MetLife argues that it is entitled to reasonable costs and attorneys' fees because it is an innocent stakeholder that brought this action in good faith, it also states that it has agreed to waive its claim to attorneys' fees in this litigation.  The award of attorneys' fees in an action in interpleader is within the discretion of the Court. *See Wells Fargo Bank,* 2016 WL 2625281, at *4 ([I]t is within the discretion of the court to award the [interpleader] costs including a reasonable attorneys' fee out of the deposited fund." (alterations in original) (quoting *Coppage v. Ins. Co. of N. Am.*, 263 F. Supp. 98, 100 (D. Md. 1967)).  Based on MetLife's representation that it has agreed to waive its claim to attorneys' fees, the Court shall not award attorneys' fees to MetLife.

1335 and Rule 22, the "Plaintiff need only show the existence of a potential claimant to the funds to satisfy this element." *Manuf. & Traders Tr. Co.*, 2017 WL 3175567, at *3 (citations omitted). In this case, Allan Jones is a potential claimant and Carl Jones is an existing claimant. They are adverse because Carl Jones's entitlement to the Plan Benefits hinges on whether Maryland's Slayer Statute precludes Allan Jones from receiving the funds.[4] Although the Supreme Court of Maryland has concluded that the common law "slayer rule" does not apply to individuals found not criminally responsible for the murder of the policyholder, this holding preceded Maryland's enactment of a Slayer Statute. *See Ford v. Ford*, 512 A.2d 389 (Md. 1986). As this Court has previously concluded, the application of Maryland's Slayer Statute—as distinct from the common law slayer rule—is ambiguous where a possible beneficiary is deemed guilty but not criminally responsible for the policyholder's murder. *See, e.g., Fid. & Guar. Life Ins. Co.*, 2021 WL 4169490, at *1–*2 (citing MD. CODE ANN., EST. & TRUSTS § 11-112) (dismissing life insurer from interpleader action because Slayer Statute "is silent on whether the prohibition extends to an individual found not criminally responsible"). Accordingly, MetLife is "actually threatened with multiply liability" based on the ambiguous application of the Slayer Statute to this case. *Wells Fargo Bank*, 2016 WL 2625281, at *2.

Finally, there are no equitable concerns that would prevent the use of interpleader in this action. MetLife is a disinterested stakeholder that has already deposited the funds at stake

---

[4] As noted above, the Clerk has filed a Clerk's Entry of Default against Allan Jones. (ECF No. 32.) However, "liability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability." 10A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2688 (3d ed. 1998); *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001). Accordingly, the Clerk's Entry of Default in this case does not nullify the threat of multiple liability against MetLife because it does not address whether Allan Jones or Carl Jones is the proper Beneficiary of Ms. Jones's Plan Benefits.

8

in the Court's Registry, and it has agreed to waive its claim to attorneys' fees. (ECF No. 30-1 at 6, 8.) Moreover, Carl Jones and F.W. Newton have consented to MetLife's discharge from this action. (*Id.* at 5 n.1.) Accordingly, MetLife's Motion for Discharge is GRANTED, but it has waived its claim to reasonable costs and attorney's fees.[5]

## CONCLUSION

For the foregoing reasons, it is this 22nd day of May 2025 HEREBY ORDERED that:

1. Metropolitan Life Insurance Company's Motion for Discharge From Further Liability, Permanent Injunction, and Dismissal with Prejudice (ECF No. 30) is GRANTED;

2. Metropolitan Life Insurance Company and the Plan are DISCHARGED from further liability;

3. Interpleader Defendants Carl Patrick Jones, Allan Michael Jones, and F.W. Newton Services, LLC, are ENJOINED from instituting or prosecuting against Metropolitan Life Insurance Company and the Plan any claim in any state or federal court related to the group life insurance benefits at issue in this case except by way of interpleader in this action;

4. Metropolitan Life Insurance Company has WAIVED its claim to reasonable costs and attorneys' fees;

---

[5] Additionally, because MetLife has already deposited the funds at issue in the Registry of the Court and Carl Jones has moved for default against Allan Jones, *see* (ECF No. 31), this action cannot be resolved in its present posture. *See, e.g.*, *Wells Fargo Bank, N.A. v. Wanki*, Civ. No. GJH-19-0871, 2019 WL 6684134, at *3 (D. Md. Dec. 6, 2019) (collecting cases explaining that realignment is necessary upon dismissal of interpleader plaintiff where interpleader defendant has moved for default against another interpleader defendant). Accordingly, the Court shall realign the remaining parties as adversaries. The realignment will reflect that Carl Jones has assigned $17,554 to be rendered to F.W. Newton out of the proceeds of the Plan Benefits. *See* (ECF No. 1, Ex. F.)

9

5. Metropolitan Life Insurance Company and the Plan are DISMISSED WITH PREJUDICE from this action, which will continue between Carl Patrick Jones, Allan Michael Jones, and F.W. Newton Services, LLC, only;

6. The remaining parties shall be REALIGNED such that Carl Patrick Jones and F.W. Newton Services, LLC, are Plaintiffs against Defendant Allan Michael Jones;

7. The Clerk of this Court shall RECAPTION this action to TERMINATE MetLife as a party;

8. The Clark of this Court shall RECAPTION this action to reflect that Carl Patrick Jones and F.W. Newton Services, LLC, are Plaintiffs against Defendant Allan Michael Jones;

9. The Clerk of this Court shall transmit copies of this Memorandum Order to counsel of record in this action.

/s/
Richard D. Bennett
United States Senior District Judge